UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN LAMONT HARRIS,

        Petitioner,                               Case Number: 04-CV-74102

v.                                                           HONORABLE AVERN COHN

KARL JOHNSON,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

This is a habeas case under 28 U.S.C. § 2254. Petitioner Kevin Lamont Harris (Petitioner) is a state inmate at the Parnall Correctional Facility in Jackson, Michigan. Petitioner filed a *pro se* petition for a writ of habeas corpus challenging his conviction for delivery of less than fifty grams of cocaine. Respondent, through the Jackson County prosecutor's office, filed a response, arguing that Petitioner's claims are not cognizable on habeas corpus review. For the reasons which follow, the petition will be denied.

### I. Facts

The Michigan Court of Appeals set forth the facts relevant to Petitioner's conviction as follows:

> On December 19, 1998, Officer Aaron Kantor was on patrol in a marked vehicle. As part of the resident officer program, Officer Kantor resided in the neighborhood that he was assigned to patrol. Officer Kantor received several tips regarding the residence located

at 301 West High. Specifically, residents complained that the home was used for drug dealing. Officer Kantor set up surveillance of the residence. The officer saw defendant and another male exit the home. The men were in front of the home when they engaged in hand to hand motions. Based on his prior experience, Officer Kantor believed that the men were involved in a drug transaction. Despite the fact that it was approximately 8:45 p.m. Officer Kantor testified that it was "dusk," but still visible. Additionally, the street area was lit. Officer Kantor drove by the two men who abruptly turned their backs to his vehicle. Officer Kantor drove thirty yards past the home before turning around. He then observed the men get into a taxicab that had pulled into the driveway of the residence, and the taxicab pulled away. Officer Kantor notified Officer Craig Edmondson, who was traveling in another patrol unit, of his intent to stop the vehicle. Officer Kantor activated his overhead lights and his spotlight. He observed defendant turn around, change seat positions and move in a backward and forward motion. Both men were removed from the back seat of the vehicle. Officer Kantor observed that the taxicab seat was pulled away from the back support area, and there was a plastic baggie tucked underneath the seat of the cab where defendant was seated. Ultimately, two baggies containing rocks of crack cocaine were removed from the seat area of the taxicab. Prior to leaving the jail, defendant admitted that the drugs belonged to him.

People v. Harris, No. 220417, slip op. at 1 (Mich. Ct. App. Sept. 22, 2000).

## II. Procedural History

Petitioner filed a pretrial motion seeking to suppress the evidence seized from the taxi and his confession. After a hearing, the trial court denied the motion. Following a jury trial in Jackson County Circuit Court, Petitioner was convicted of delivery of less than fifty grams of cocaine. On May 12, 1999, he was sentenced as a fourth habitual offender to eight to forty years imprisonment.

Petitioner filed an appeal of right in the Michigan Court of Appeals,

presenting the following claim:

> I.   Mr. Harris has standing to object to the unlawful stop of the taxi cab in which he was a passenger and the evidence seized from the cab as well as defendant's confession to police should all be suppressed as the fruit of that unlawful stop.

The Michigan Court of Appeals affirmed Petitioner's conviction, holding that Petitioner lacked standing to challenge the validity of the search and seizure of the taxi. People v. Harris, No. 220417 (Mich. Ct. App. Sept. 22, 2000).

Petitioner filed an application for leave to appeal to the Michigan Supreme Court, presenting the same claim presented to the Michigan Court of Appeals. The Michigan Supreme Court, in lieu of granting leave to appeal, vacated the Court of Appeals' judgment on the ground that Petitioner had standing to challenge the legality of the stop of the taxicab. The Michigan Supreme Court directed the Court of Appeals to remand the case to the Jackson County Circuit Court for findings on the issues of fact created in the evidentiary hearing on Petitioner's suppression motion, and for reconsideration of the motion in light of the findings. People v. Harris, 465 Mich. 898 (Mich. 2001).

The trial court, on remand, issued an opinion and order finding that police had a reasonable, articulable, and particular suspicion that Petitioner was engaged in attempting to buy or deliver drugs, and thus were justified in stopping the cab. People v. Harris, No. 99-92226 (Jackson County Circuit Court Feb. 4, 2002).

Petitioner appealed the trial court's decision to the Michigan Court of Appeals, presenting the following claims:

> I. The action of the police in stopping the taxi cab was based upon a hunch of at least one of the officers and was not supported by a reasonable particularized suspicion that the occupants of the car were involved in drug trafficking.
>
> II. The evidence discovered by the police as a result of the initial stop of the taxi cab must be suppressed as the "fruit of the poisonous tree."

The Michigan Court of Appeals affirmed Petitioner's conviction. People v. Harris, No. 239871 (Mich. Ct. App. Sept. 4, 2003).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court presenting the same claims presented to the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. People v. Harris, 469 Mich. 1016 (Mich. 2004).

Petitioner then filed the pending petition for a writ of habeas corpus, presenting the following claims:

> I. Petitioner's Fourth Amendment rights were violated when the action of the police in stopping the taxi cab was based on a hunch of at least one of the officers and was not supported by a reasonable particularized suspicion that the occupants of the car were involved in drug trafficking.
>
> II. Petitioner was denied his Sixth Amendment right to a fair trial when the police failed to act on more than an "inchoate and unparticularized suspicion or hunch," and the evidence discovered by the police as a result of the illegal stop of the taxi cab was not suppressed as "fruit of the poisonous tree," according to Terry v. Ohio, 392 U.S. 1, 27 (1968) and Wong Sun v. United States, 371 U.S. 471 (1963).

### III.  Analysis

### A.  Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2241, et seq. ("AEDPA") sets forth the standard of review a federal court must apply when reviewing applications for a writ of habeas corpus that were filed after the effective date of the act, April 24, 1996.  Because petitioner's application was filed after April 24, 1996, the provisions of the AEDPA apply.

28 U.S.C. § 2254(d) imposes the following standard of review that a federal court must utilize when reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

### B.  Fourth Amendment Claims

Petitioner claims that he is entitled to habeas corpus relief because his right to be free from unreasonable searches and seizures was violated when the police stopped the taxi in which he was a passenger without a reasonable

5

particularized suspicion and the trial court failed to suppress the fruit of this illegal stop.

The Supreme Court has held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial." Stone v. Powell, 428 U.S. 465, 494-95 (1976). The Sixth Circuit Court of Appeals utilizes a two-step analysis to determine whether a defendant was given a full and fair opportunity to litigate a Fourth Amendment claim in state court:

> First, the court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim. Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism.

Machacek v. Hofbauer, 213 F.3d 947, 952 (6th Cir. 2000) (internal quotations omitted).

Petitioner's Fourth Amendment claims were the subject of an evidentiary hearing in state court. Following the evidentiary hearing, the trial court denied the motion to suppress. These claims were presented to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Court of Appeals denied relief, but the Michigan Supreme Court vacated the Court of Appeals' decision and remanded the matter to the trial court for appropriate factual findings. On remand, the trial court held that Officer Kantor had "a reasonable, articulable and

particular reason" for the investigatory stop of the taxi.  Harris, slip op. at 5.  The trial court made the following factual determinations: Officer Kantor had information from fellow officers and neighbors that the home located at 301 West High was a site of drug trafficking; he observed Petitioner and another individual appear to exchange something while standing outside that location; the two men quickly looked away when they saw Officer Kantor; and, after entering the taxicab, the two men saw Officer Kantor following them and began making furtive movements.  Id.  Based upon the totality of the circumstances, the trial court concluded that Officer Kantor had a reasonable basis to stop the vehicle.  Id.

Petitioner then appealed as of right in the Michigan Court of Appeals, which denied Petitioner's claims.  People v. Harris, No. 239871 (Mich. Ct. App. Sept. 4, 2003).  Petitioner then presented these claims to the Michigan Supreme Court in his application for leave to appeal, which the state court denied.  People v. Harris, 469 Mich. 1016 (Mich. 2004).

Petitioner claims that he was denied an opportunity to fully and fairly litigate his Fourth Amendment claims in state court because the trial court failed to make the appropriate factual findings until the matter was remanded by the Michigan Supreme Court.  The Court finds that the trial court's initial failure to make the required factual findings did not deprive Petitioner of his opportunity for a full and fair hearing on these issues.  Instead, the Michigan Supreme Court's decision remanding the matter showed that the state procedural mechanism for presenting

a Fourth Amendment claim was working correctly. The Michigan Supreme Court determined that the trial court erred in its analysis of Petitioner's claim and remanded so that the trial court could correct this error. Based upon the foregoing, this Court concludes that Petitioner was provided an opportunity for full and fair litigation of his Fourth Amendment claims in the Michigan courts. Consequently, these claims are not cognizable on habeas review and the Court shall deny the petition.

## IV.  Conclusion

For the reasons stated above, the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED**.

**SO ORDERED.**

      s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  February 9, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 9, 2006, by electronic and/or ordinary mail.

      s/Julie Owens
Case Manager
(313) 234-5160